CSD 1300.1 [06/01/16]

**United States Bankruptcy Court**
**Southern District of California**

Debtor(s):   Aaron Morales Barcenas                    Case Number: 17-00856-LT7

☐ Check if this is an amended plan.

**Mandatory Chapter 13 Plan**
**Dated:**      3/1/2017

| Part 1: | Notices |

**To All Parties in Interest:**

The court has provided guidelines for use of this form that can be found in CSD 1300A.

This plan does not provide for avoidance of a lien which impairs an exemption. This must be sought by separate motion.

**To Debtors:**

In some places this form provides you with options. You should carefully consider whether you need to elect among the options. If you do, you should carefully consider which option is appropriate.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation in accordance with Southern District of California Local Bankruptcy Rule 3015-5 within 7 days after the filing of the Notice of Meeting of Creditors Held and Concluded. Untimely objections may not be considered. Any such objections must be noticed for hearing at least 28 days after filing the objection. The Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015(f). In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you.

*Check all that apply.*

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan sets out nonstandard provisions in Part 9.

CSD 1300.1 (06/01/16)      Debtor(s) Aaron M. Barcenas          Case Number 17-00856-LT13

## Part 2: Plan Payments and Length of Plan

### 2.1 Regular payments.

Debtor(s) will make regular payments to the trustee as follows:

*Complete one.*

$ _____ per _____ for 36 months (Applicable commitment period for below median debtor(s))

$ 466.00 per Month for 60 months (Applicable commitment period for above median debtor(s))

$ _____ per _____ for _____ months (Despite applicable commitment period of 36 months, debtor(s) seek additional time to cure secured or priority arrearage. If fewer than 60 months of payments are required, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan. If the debtor(s) fail to make these additional payments, the plan will go into default.)

### 2.2 Irregular payments.

Debtor(s) will change the payment amount at different time periods as follows:

| $ | per | from | to |
|---|---|---|---|
|   |   |   |   |

*Insert additional payments as needed.*

### 2.3 Manner of payments.

Regular payments to the trustee will be made from future earnings in the following manner:

*Check all that apply.*

[X] Debtor(s) will make payments directly to the trustee unless an earnings withholding order is issued by the court.

[ ] Other (specify method of payment): _____

### 2.4 Income tax issues.

*Check all that apply.*

[X] Debtor(s) will retain any federal or state tax refunds received during the plan term.

[ ] Debtor(s) will supply the trustee with a copy of each federal and state tax return filed during the plan term within 14 days of filing the return.

[ ] Debtor(s) will turn over to the trustee all federal and state income tax refunds, other than earned income or child care tax credits, received during the plan term.

[ ] Debtor(s) will supply the trustee with federal and state tax returns filed during the plan term and will turn over to the trustee a portion of any federal and state income tax refunds received during the plan term as specified below.

CSD 1300.1 (06/01/16)   Debtor(s) Aaron M. Barcenas          Case Number 17-00856-LT13

**Debtor(s) must not change their withholding exemptions during the plan term unless there is an appropriate change in circumstances and will timely pay all post-confirmation tax liabilities directly to the appropriate taxing authority as they become due.**

### 2.5 Additional payments.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

[ ] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____
_____

### 2.6 The total amount of estimated payments to the trustee provided for in §§ 2.1 through 2.5 is
$ 27,960.00

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of any default.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[ ] The debtor(s) will maintain the contractual installment payments on the claims listed below, with any changes required by the applicable contract, and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. A tardily filed proof of claim will be disallowed unless it is estimated below or unless the debtor(s) brings a motion to allow the claim. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |

*Insert additional claims as needed.*

CSD 1300.1 (06/01/16)     Debtor(s): Aaron M. Barcenas         Case Number  17-00856-LT13

## 3.2 Request for valuation of security and claim modification.

To determine the proper valuation of real estate secured claims, the debtor(s) must timely file a motion in accordance with Local Bankruptcy Rule 3015-8 in addition to including the creditor in this section of the plan. No such motion is necessary for valuation determinations for personal property secured claims.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan unless the claim is entitled to priority status, in which case it will be provided in Part 4. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of the following events as applicable to the particular secured creditor: 1) payment of the underlying debt determined under nonbankruptcy law; 2) discharge under 11 U.S.C. § 1328, or 3) completion of payments under the plan if the debtors(s) are not entitled to a discharge. After the date applicable to termination of the lien, it will be released by the creditor unless the claim is a nondischargeable claim owed to a governmental entity. See Local Bankruptcy Rule 3015-8.

Check one.

[X] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

[ ] The debtor(s) request that the court determine the value of the secured claims to be treated in the manner below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as stated below in the column headed *Amount of secured* claim. For secured claims of governmental units, unless otherwise ordered by the court pursuant to a claim objection, the amounts listed in proofs of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below. For each listed secured claim, the controlling amount of the claim will be paid in full under the plan with interest at the rate stated below.

### 3.2.1 Identify creditor and collateral.

| Name of creditor with last 4 digits of account number | Estimated amount of creditor's total secured claim | Collateral | Value of Collateral | Amount of claims senior to creditor's secured claim |
|---|---|---|---|---|
|  | $ |  | $ | $ |
|  | $ |  | $ | $ |
|  | $ |  | $ | $ |

*Insert additional claims as needed.*

CSD 1300.1 (06/01/16)　　Debtor(s) Aaron M. Barcenas　　　　　　　　　Case Number 17-00856-LT13

### 3.2.2 Treatment of creditor.

| Name of creditor with last 4 digits of account number | Amount of secured claim | Interest rate as provided by law | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|
|  | $ |  | $ | $ |
|  | $ |  | $ | $ |
|  | $ |  | $ | $ |

*Insert additional claims as needed.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

[ ] The claims listed below were either:

(1) secured by real estate and matured pre-petition;

(2) secured by real estate and will mature during the term of the plan;

(3) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(4) incurred within 1 year of the petition date and secured by a purchase money security interest in any other property of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of Claim | Interest rate | Monthly payment | Estimated total payments |
|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |

*Insert additional claims as needed.*

CSD 1300.1 (06/01/16)     Debtor(s) Aaron M. Barcenas                    Case Number   17-00856-LT13

### 3.4 Surrender of collateral to secured creditors.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

[ ] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral upon confirmation of the plan, but the stay will otherwise remain in effect. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor with last 4 digits of account number | Collateral |
|---|---|
| | |
| | |
| | |

### 3.5 Exclusion of claim from treatment under the plan.

*Check one.*

[ ] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The claims held by creditors listed below, and creditors which do not timely file a proof of claim, will not be provided for under the plan, and the plan will not affect any of the claimant's rights under applicable law.

| Name of creditor and description of claim | Description of claim |
|---|---|
| Toyota Motor Credit, #0001 | Remaining balance of loan is $1,299.00 with payments at $375.00/MTH. |
| 2007 Toyota Tacoma Secured Loan | |

*Insert additional claims as needed.*

CSD 1300.1 (06/01/16)    Debtor(s) Aaron M. Barcenas    Case Number 17-00856-LT13

## Part 4: Treatment of Priority Claims

### 4.1 Treatment of priority claims.

All allowed priority claims other than those treated in §§ 4.5 and 4.6 of the plan will be paid in full without interest.

### 4.2 Interest exception.

If the plan provides interest to unsecured nonpriority creditors, that same rate of interest will be paid to all creditors for which interest is not otherwise specifically provided under this plan.

### 4.3 Trustee's fees.

The trustee will receive a fee, the percentage of which is set by the United States Trustee in accordance with applicable law. The trustee's fees are estimated to be 6.00 % of plan payments; and during the plan term, they are estimated to total $ 1,860.00 .

### 4.4 Adequate protection payments.

The trustee will make pre-confirmation adequate protection payments to secured creditor, identified in General Order 175-E, from plan payments received from the debtor(s), as this order may be amended from time to time.

### 4.5 Domestic support obligations.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[ ] The allowed priority claims listed below are based on a domestic support obligation owed to a spouse or a dependent as scheduled or in the amount set forth in a proof of claim, which will control in the event of a conflict.

| Name of creditor | Amount of claim to be paid by trustee |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

### 4.6 Assigned domestic support obligations.

[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4), but not less than the amount that would have been paid on such claim if the estate of the debtor(s) were to be liquidated under chapter 7. See 11 U.S.C. § 1325(a)(4).

CSD 1300.1 (06/01/16)  Debtor(s) Aaron M. Barcenas  Case Number 17-00856-LT13

| Name of creditor | Amount of claim to be paid by trustee |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

Even if a domestic support obligation claim is not listed here, debtor(s) must nevertheless pay it in full to receive a discharge.

*Insert additional claims as needed.*

## 4.7 Attorney's fees.

The total amount of attorney's fees to be paid under the plan is estimated to be $2,710.00____. The balance of the fees awarded by court order to professionals for debtor(s) under 11 U.S.C. § 330 will be paid as follows:

*Check one*

[X] on a *priority* basis before other priority claims other than trustee's fees and adequate protection payments.

[ ] in installment payments of $_____.

## 4.8 Other priority claims.

All priority claims identified in 11 U.S.C. § 507, including unsecured priority tax claims, are included in this section of the plan.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 4.8 need not be completed or reproduced.*

[ ] The debtor(s) estimate the total amount of other priority claims to be paid under the plan to be $_____. This sum is a total of all of the priority payments listed below. Priority claim payments are owed to the following creditors in the following amounts:

*Check all that apply.*

[ ] Internal Revenue Service in the estimated amount of $_____.

[ ] Franchise Tax Board in the estimated amount of $_____.

[ ] State Board of Equalization in the estimated amount of $_____.

[ ] Employment Development Department in the estimated amount of $_____.

[ ] County Property Tax Assessor in the estimated amount of $_____.

[ ] Other in the estimated amount of $_____.

CSD 1300.1 (06/01/16)   Debtor(s): Aaron M. Barcenas                     Case Number   17-00856-LT13

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 General.

Nonpriority unsecured claims will be paid to the extent allowed as specified in this Part.

### 5.2 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified in this plan will be paid, pro rata, all funds remaining after payment of all other creditors provided under the plan. Payments to unsecured creditors will be allowed to the extent paid if an allowed amended, late filed, or late added claim reduces the amount available to unsecured creditors under this section.

Based upon the total payments to the trustee listed in § 2.6 of the plan, minus the payments under the plan on the claims scheduled by the debtor(s) that are provided for in §§ 3.1 through 3.3, Part 4, §§ 5.3 through 5.5, and Part 6 of the plan, the estimated payment to allowed nonpriority unsecured claims not separately classified under the plan is $ 9,460.00         . This amount will be shared on a pro-rata basis on these claims. This amount will not be reduced by claims arising under 11 U.S.C. § 1305 and §§ 507(a)(1)(A) and (B) that are not fully addressed in the plan, but may otherwise increase or decrease.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 170,000.00         . The total of the payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.3 Interest on allowed nonpriority unsecured claims not separately classified.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual percentage rate of _____ % under 11 U.S.C. §1325(a)(4), and the interest is estimated to total $ _____ .

CSD 1300.1 (06/01/16)   Debtor(s) Aaron M. Barcenas                              Case Number  17-00856-LT13

### 5.4 Non-filing co-debtor claim treatment for maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

[ ] The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan. Filed proof of claim amounts will control over scheduled amounts of claims.

| Name of creditor with last 4 digits of account number | Collateral |
|---|---|
| | |
| | |
| | |

*Insert additional claims as needed.*

### 5.5 Other separately classified nonpriority unsecured claims.

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

[ ] The **nonpriority** unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount of claim to be paid over life of plan | Interest rate (if applicable) |
|---|---|---|---|
| | | $ | % |
| | | $ | % |
| | | $ | % |

*Insert additional claims as needed.*

CSD 1300.1 (06/01/16)   Debtor(s) Aaron M. Barcenas         Case Number 17-00856-LT13

## Part 6: Executory Contracts and Unexpired Leases

The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

[X] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

[ ] **Assumed items.** The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Property description | Treatment (Refer to other plan section if applicable) | Current installment payment (Disbursed by Debtor(s)) | Amount of arrearage to be paid by trustee |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

*Insert additional contracts or leases as needed.*

## Part 7: Order of Distribution of Trustee Payments

Trustee will have discretion to determine the order of distribution within the requirements of applicable law and whether to reserve payment to claims that are subject to a pending objection.

## Part 8: Vesting of Property of the Estate

Property of the estate will not revest in the debtor(s) until a Chapter 13 discharge is granted or the case is dismissed or closed without a Chapter 13 discharge. Before then, the debtor(s) must seek approval of the court to purchase, sell, or refinance property of a material value, or to enter into loan modifications. Revestment will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law.

CSD 1300.1 (06/01/16)   Debtor(s) Aaron M. Barcenas                    Case Number 17-00856-LT13

## Part 9: Nonstandard Plan Provisions

[X] **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Nonstandard provisions are required to be set forth below.*

## Part 10: Signatures

_____   Date  March 1, 2017
Signature of Attorney for Debtor(s)

_____   Date  3/1/2017
Signature of Debtor (required)

_____   Date  _____
Signature of Debtor (required)